NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5988 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00010-DLC-6 |
| v. | |
| JAMES ANDREW STRINGARI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 12, 2025[**]
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Defendant James Andrew Stringari appeals his jury conviction for

conspiracy to distribute, and to possess with intent to distribute, controlled

substances (methamphetamine and fentanyl), in violation of 21 U.S.C. § 846, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

possession with intent to distribute those controlled substances, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction under 18 U.S.C. § 1291, and we affirm. Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. See United States v. Sullivan, 131 F.4th 776, 784 (9th Cir. 2025) (stating standard of review).

Under that standard, the jury reasonably could conclude beyond a reasonable doubt that Defendant was the middleman in a conspiracy to bring methamphetamine and fentanyl from California and distribute those drugs in Montana and that he was guilty of both the crimes charged. Specifically, four witnesses (Agatha Carranza, Bailey Parker, Trevor Handy, and Cecil Miller) testified that they saw Defendant personally distribute those drugs. Parker bought fentanyl from Defendant. All four confirmed that "Esco" (Juan Fuentes) and Martin Topete were Defendant's sources. Miller's texts show that Topete and Esco referred Miller to Defendant. Handy accompanied Defendant to pick up large quantities of methamphetamine from Esco and was present when Defendant dealt drugs to others. As for fentanyl, text messages, which the evidence linked to Defendant, show that Defendant wanted Topete to receive their next shipment because he had clients waiting for this product, as well as that Defendant obtained

firearms for the conspiracy at Topete's request.  Finally, Carranza testified that Defendant arranged for her to pick up methamphetamine from the post office.

**AFFIRMED.**